IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE AND MANUELA GOMEZ | § | |
| | § | |
| vs. | § | NO. 4:23-CV-4731 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

COME NOW, Plaintiffs, JOE AND MANUELA GOMEZ, complaining of UNITED STATES OF AMERICA ("USA"), Defendant herein, and for cause of action would respectfully show the following:

**I. PARTIES**

1.1. This case arises out of bodily injuries caused by Mark Harris, a United States Postal Service employee, when he crashed a postal vehicle into Plaintiffs' vehicle.

1.2 Plaintiff JOE GOMEZ resides in Harris County, Texas.

1.3 Plaintiff MANUELA GOMEZ resides in Harris County, Texas.

1.4 Defendant is the United States of America. The driver of the vehicle which was owned by Defendant, United States of America, was Mark Harris. At all times relevant to this lawsuit Mark Harris was an agent/employee of the United States Postal Service, an agency of the United States of America.

**II. JURISDICTION, SERVICE, & VENUE**

2.1 This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671–2680, commonly known as the Federal Tort Claims Act.

2.2 The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the United States Attorney Jennifer Lowery, United States Attorney for the Southern District of Texas by certified mail, return receipt requested at his office:

United States Attorney's Office
ATTN: Civil Process Clerk
1000 Louisiana, Ste. 2300
Houston, Texas 77002

2.3 Service is also effected by serving a copy of the Summons and Complaint on Merrick Garland, Attorney General of the United States, by certified mail, return receipt requested at:

The Attorney General's Office
ATTN: Civil Process Clerk
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

2.4 Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the United States is the Defendant, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### III. LIABILITY OF THE UNITED STATES

3.1 This case is commenced and prosecuted against the United States of America to and in compliance with Title 28 U.S.C. §§ 2671–2680, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts and/or omissions of employees and/or agents of the United States of America working for the United

States Postal Service, while acting within the scope of their office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual.

3.2 The United States Postal Service is an agency of the United States of America. The Defendant United States of America, through its agency, United States Postal Service, at all material times owned, operated, and controlled its facilities and vehicles with its agents, servants and employees.

3.3 At all material times, Mark Harris and all persons involved in supervising Mark Harris were agents, servants, or employees of the United States of America or its agency and were at all material times acting within the course and scope of their employment.

## IV. JURISDICTIONAL PREREQUISITES

4.1 Pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims set forth here were filed with and presented administratively to the United States Postal Service on September 2, 2022. The United States of America has not provided denial or offer of compromise to the aforementioned claim.

4.2 Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit.

## V. FACTS

5.1 This is a Federal Tort Claims Action for monetary damages sustained by Plaintiffs arising out of the personal injuries to Joe and Manuela Gomez as a result of the negligent operation of a vehicle by Mark Harris.

5.2 At approximately 2:20 p.m. on or about March 02, 2021, the vehicle occupied by Mark Harris failed to yield the right of way at the intersection of Pennsylvania St. and Main Street, and struck the right side of the vehicle occupied by Joe and Manuela Gomez.

5.3 Mark Harris did not exercise reasonable care when he slammed into the Plaintiffs' car.

5.4 Failure to keep a proper lookout and traveling at unsafe speeds caused Mark Harris' vehicle to strike the Plaintiffs' car, causing significant damage to the vehicle and injuries to the occupants, Joe and Manuela Gomez.

## VI. CAUSE OF ACTION

6.1 Through its employees, agents, or servants, the Defendant, United States of America, was negligent in one or more of the following respects:

> 6.1.1. Negligent per se for failing to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle in violation of Tex. Transp. Code § 545.351(b) and (c)(5);
>
> 6.1.2 Negligent for failing to maintain proper and safe control of his vehicle;
>
> 6.1.3 Negligent for failing to maintain a proper and safe speed of his vehicle;
>
> 6.1.4 Negligent for failing to maintain a safe and proper lookout for other vehicles;

      6.1.5 Negligent for failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

6.2 At all material times, the employees, agents, or representatives of the United States Government were negligent and caused the injuries sustained by Plaintiff.

## VII. DAMAGES

7.1 As a proximate result of the Defendant's negligent acts or omissions, Plaintiffs suffered injuries, which would not have occurred otherwise. Plaintiffs plead for all damages available under Texas State Law, Federal Law, and equity, including:

      7.1. 1. Past and future pain and suffering;

      7.1.2. Past and future mental anguish;

      7.1.3. Past and future physical impairment and disability;

      7.1.4. Past and future physical disfigurement;

      7.1.5. Past and future loss of income and impairment of earning capacity;

      7.1.6. Past and future reasonable charges necessary for medical care, nursing, hospital, rehabilitation services, custodial care, health care, supplies, attendant care expenses and other health services;

      7.1.7 Past and future reasonable and necessary expenses incurred for substitute domestic services;

      7.1.8. Out-of-Pocket expenses.

## VIII. PRAYER

WHEREFORE, Plaintiffs request that Defendant be cited in terms of law to appear and answer this Complaint; that upon final trial, the Plaintiffs have judgment against Defendant, for the amount of actual damages and for other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other relief, at law and in equity, both general and special, to which Plaintiffs may show themself entitled to and to which the Court believes them deserving.

Respectfully Submitted,

TODD LAW GROUP, PLLC.

By: */s/ Jeffrey N. Todd*
Jeffrey N. Todd
TB#24028048
Federal Bar No. 34877
12929 Gulf Freeway, Ste. 301
Houston, Texas 77034
(832)-243-4953 telephone
(713)583-7818 telecopier
jeff@jefftoddlaw.com
ATTORNEYS FOR PLAINTIFF